ground that the court below denied the application for a continuance, we are constrained in the present instance to hold that the denial of the application for a continuance was error.

*Judgment reversed. All the Justices concur.*

---

## Bugg *v.* Hughes.

HILL, J. The certificate of the trial judge to the bill of exceptions in the present case is in substantial accord with the form prescribed in the Civil Code (1910). § 6145, except that the words " is true and " are omitted from the certificate; and by reason of this omission the recitals of fact contained in the bill of exceptions are not certified as true by the trial judge. The Supreme Court is therefore without jurisdiction to pass upon the merits of the bill of exceptions; and in accordance with the prior rulings of this court the writ of error must be dismissed  *Grant* v. *Derrick*. 130 *Ga.* 43 (60 S. E. 157); *Prater* v. *Prater*, 140 *Ga.* 326 (78 S. E. 1008); *Houston* v. *Postell*. 141 *Ga.* 792 (82 S. E. 148); *Cartledge* v. *Ashford*. 148 *Ga.* 589 (97 S. E. 521).

*Writ of error dismissed. All the Justices concur.*

No. 2322. JUNE 16, 1921.

Writ of error: from Emanuel. Motion to dismiss.

*Kirkland & Kirkland,* for plaintiff.

*Arthur W. Jordan,* for defendants.

---

## HILL *v.* COX.

1. Where no demurrer to the petition or plea of res adjudicata is filed at the appearance term of court. and no entry or judgment of " default " is entered on the docket. and the demurrer and such plea are filed at the trial term of court, it is not error, on the call of the case for hearing, to overrule a motion to dismiss the demurrer and plea.

2. Dilatory pleas, which are required to be filed at the first term, " are those which do not answer the general right of the plaintiff, either by denial or in confession and avoidance, but assert matter tending to defeat the particular action by resisting the plaintiff's present right of recovery." A plea of res adjudicata, if sustained, is conclusive that the plaintiff can not recover at all as to the matters which have been previously adjudicated between the same parties by a court of competent jurisdiction. Such plea if sustained is a bar to recovery, and is not a mere dilatory plea, and may be filed at the trial term of court.

3. The judge, to whom was submitted for decision without a jury the plea of res adjudicata and the evidence relied on to support it, did not err in sustaining the plea.

No. 2327. JUNE 16, 1921.